**AFFIRM; and Opinion Filed August 8, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01147-CR

**VAN LEE BREWER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F89-97479-U**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Brown

Van Lee Brewer appeals from the trial court's determination that the results of post-conviction DNA testing ordered pursuant to Chapter 64 of the Texas Code of Criminal Procedure were not favorable. In two issues, appellant contends: (1) the results of the testing showed the State relied on false evidence to convict him at his trial; and (2) the results were based on a flawed methodology. For the following reasons, we affirm.

In September 1989, appellant was convicted of sexual assault. At his trial, the victim identified appellant as her attacker. She also testified that, after appellant sexually assaulted her, he ejaculated on her thigh. The Southwest Institute of Forensic Sciences ("SWIFS") conducted testing on the skirt the victim was wearing at the time of the offense. SWIFS detected the presence of spermatozoa on the skirt. A report reflecting these findings was admitted into

evidence at appellant's trial. The report identified the name of the victim, but it was spelled incorrectly.

In 2001, the trial court granted appellant's request for post-conviction DNA testing and ordered the Texas Department of Public Safety ("DPS") to conduct the testing. SWIFS subsequently submitted stains it had retained from the victim's skirt to DPS. DPS recovered a DNA profile from sperm cells on the stains and compared it to appellant's DNA. DPS determined appellant could not be excluded as a contributor to the DNA recovered from the stain and that the probability of selecting a person at random who could be a contributor was approximately one in 152.5 trillion for Caucasians, one in 1.133 trillion for Blacks, and 1 in 46.23 trillion for Hispanics.

DPS filed a report containing the results of its testing with the trial court. DPS's report contained the same misspelling of the victim's name as the 1989 SWIFS report had. Following a hearing, the trial court determined there was no reasonable probability appellant would not have been convicted had the results of the DNA testing been available during his trial. Appellant appealed to this Court and we affirmed. *See Brewer v. State*, 05-02-00136-CR, 2002 WL 31445286, at *1 (Tex. App.—Dallas Nov. 4, 2002, no pet.).

In 2015, after appellant requested additional DNA testing, the State agreed to Y-STR DNA testing on the DNA that had previously been extracted from the victim's skirt.[1] The trial court ordered DPS to conduct that testing. DPS filed a report containing the results of the Y-STR DNA testing. They showed that the Y-STR profile from the sperm cell fraction extracted from the victim's skirt was consistent with the Y-STR profile of appellant and that the selected

---

[1] Y-STR testing can provide more accurate results when analyzing DNA samples containing mixed male DNA. *See Wynne v. State*, 06-10-00226-CR, 2011 WL 5865710, at *4 (Tex. App.—Texarkana Nov. 23, 2011, pet. ref'd)(explaining Y-STR testing).

profile is found in 0 of 25,643 total individuals within the database. In addition, appellant's male relatives could not be excluded as being a contributor to the male DNA profile.

Again, DPS misspelled the victim's name on its report. Following a hearing, the trial court determined there was no reasonable probability that appellant would not have been convicted had the DNA results been available during his trial. Appellant brings this appeal.

In his first issue, appellant argues DPS's report contained exculpatory information because it showed biological evidence that was used against him at his trial came from the skirt of another victim. The sole basis for appellant's argument is that the victim's name was misspelled on the DNA reports.

Under Article 64.04, after post-conviction DNA results are filed with the trial court, the trial court must examine those results and then conduct a hearing and make a finding as to whether, had the results been available during trial, it is reasonably probable the person would not have been convicted. TEX. CODE CRIM. PRO. ANN. 64.04 (West. Supp. 2016). A convicted person is entitled to appeal the trial court's determination. *See Whitfield v. State*, 430 S.W.3d 405, 406-07 (Tex. Crim. App. 2014); *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

Here, appellant does not dispute the results of the DNA testing were not favorable. In fact, at the article 64.04 hearing, appellant acknowledged, "the DNA testing is saying its me." Instead, according to appellant, regardless of what the actual DNA results were, the report that communicated those results to the trial court showed the biological matter came from the skirt of a different victim. He argues because the State presented evidence at his trial that the same biological matter contained spermatozoa, the State used false evidence to convict him. Thus, he concludes, the results cast doubt on his guilt. Appellant's issue is without merit for several reasons.

First, the difference between the spelling of the victim's name in the lab report and the actual spelling of the victim's name does not show the lab report was referring to a different victim. *Cf. Byrd v. State*, 336 S.W.3d 242, 249 (Tex. Crim. App. 2011) (variance between victim's name alleged in indictment and proven at trial not fatal to conviction). Further, the name of the victim in the report was not part of the results of DPS's scientific DNA testing. Finally, and not least significantly, the record shows that the victim's name was also misspelled on the 1989 SWIFS lab report. Thus, the very evidence that appellant claims casts doubt on the validity of his conviction *was* available to him during his trial. In any event, we conclude appellant failed to show that, had the results of the DNA testing been available at the time of his trial, it is reasonably probable that he would not have been convicted. *See Pruett v. State*, AP-77,037, 2014 WL 5422573, at *2 (Tex. Crim. App. Oct. 22, 2014) (no reasonable probability shown when DNA results did not exclude appellant as possible contributor to DNA evidence). We resolve the first issue against appellant.

In his second issue, appellant asserts the methodology used to extract the DNA profile from the semen on the victim's skirt was flawed and, therefore, the results of the DNA testing are invalid. Appellant did not object to admission of the results at the hearing. To the contrary, appellant himself offered the results into evidence. To preserve a complaint for appellate review, an appellant must make a timely specific objection and obtain a ruling on that objection. *See* TEX. R. APP. P. 33.1(a). We conclude appellant waived this complaint. *See id*; *Hill v. State*, 05-

–4–

09-01398-CR, 2011 WL 635230, at *1 (Tex. App.—Dallas Feb. 23, 2011, no pet.).  We resolve this issue against appellant and affirm the trial court's article 64.04 determination.


       /Ada Brown/
       ADA BROWN
       JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

161147F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VAN LEE BREWER, Appellant

No. 05-16-01147-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-89-97479-U.
Opinion delivered by Justice Brown. Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the trial court's determination is **AFFIRMED**.


Judgment entered this 8th day of August, 2017.